[Civ. No. 5399.  First Appellate District, Division One.—January 29, 1926.]

JULIUS S. GODEAU, etc., Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION OF THE STATE OF CALIFORNIA and JESUS YANUS, Respondents.

[1] WORKMEN'S COMPENSATION ACT — INJURIES TO EMPLOYEE — REFUSAL OF EMPLOYER TO FURNISH MEDICAL TREATMENT—EVIDENCE. In this proceeding to review an award of compensation benefits made by the Industrial Accident Commission for injuries, there is ample evidence in the record to show that the employer refused to furnish treatment reasonably adequate to relieve and cure the employee, and having refused to do so, the employee was justified in seeking relief elsewhere, and his employer is liable for the reasonable expense incurred in securing the same.

---

(1) Workmen's Compensation Acts, C. J., p. 100, n. 77, 81, p. 115, n. 37.

1. See 27 Cal. Jur. 529.

PROCEEDING in Certiorari to review an award of compensation benefits made by the Industrial Accident Commission for injuries received by employee. Award affirmed.

The facts are stated in the opinion of the court.

J. Clark Benson and Dunne, Brobeck, Phelger & Harrison for Petitioner.

Warren H. Pillsbury and Frederick W. Crawford for Respondents.

TYLER, P. J.—*Certiorari* to review an award of compensation benefits made by the Industrial Accident Commission to one Jesus Yanus for injuries received in the course of his employment.

Yanus was engaged as a laborer by petitioner Julius S. Godeau to perform certain services in his casket factory. Both employer and employee were subject to the provisions of the Workmen's Compensation Insurance and Safety Act (Stats. 1917, p. 831, as amended). On April 7, 1924, Yanus, while performing his duties, was injured by reason of a board falling upon his left foot, which caused a serious fracture of two of the metatarsal bones.

On July 7, 1924, he filed with the Industrial Accident Commission his application for adjustment of a claim for compensation growing out of said injuries. Several hearings were had thereon and on March 5, 1925, the Commission entered its award. It found in substance that the employer had notice of the injuries received by Yanus and had furnished him, in part, the medical treatment required. It further found that the applicant was entitled to further medical treatment which the employer had tendered, but which was refused by the applicant, in consequence of which his disability was aggravated, but considering the seriousness of the injury such aggravation was inconsiderable. It also found that the refusal to receive the additional treatment was unreasonable and further compensation was discontinued until such time as the applicant should submit to the offered treatment. With reference to the result of the injuries it was found that they caused temporary total disability continuing from the date thereof

to and including the thirteenth day of May, a period of four and one-seventh weeks, exclusive of the waiting period of seven days entitling the employee to $11.12 per week, amounting to $46.07.

Beginning with the fourteenth day of May, 1924, the employer furnished to the employee light work at full wage which he was able to perform. The Commission found that the employee was not entitled to any compensation beginning with the last-mentioned date or until such time as he should submit to the offered treatment above mentioned. On the twenty-fifth day of March, 1925, Yanus filed a petition for rehearing, which was granted on April 15, 1925.

Thereafter the matter again came on for hearing. Further testimony was had and on July 6, 1925, the Commission entered its decision finding that the employer, Godeau, had neglected to seasonably furnish applicant with the medical treatment reasonably required to cure and relieve him from the effects of his injury, thus in effect revoking its former finding that the disability was due to the refusal of Yanus to accept treatment. It further found that the injury caused temporary total disability beginning from its date to and including February 16, 1925, entitling the employee to $11.12 a week during said period, exclusive of the waiting period of seven days and an additional three days during the month of May, 1924, while Yanus was reemployed by Godeau. The amount accrued was found to be the sum of $484.51 for forty-three and four-sevenths weeks. Of this amount $46.80 had been paid to Yanus, leaving a balance due him of $437.71, for which amount an award was made. It further found, in substance, that the refusal of Godeau to furnish the required treatment compelled Yanus to seek such treatment elsewhere, for which Godeau was liable, and the Commission declared that a supplemental award would be made upon the filing of itemized bills with the Commission approved by the medical department thereof.

From this award a petition for rehearing was filed by the employer on July 24, 1925, upon the grounds that the Commission acted without or in excess of its powers; that the evidence did not justify the findings of fact; that such findings did not support the decision and that the award was unreasonable.

The petition for rehearing was denied by the Commission, whereupon the present proceeding was instituted and the same grounds are here urged against the award as were urged before the Commission upon rehearing.

[1] It is claimed in support of these contentions that the record discloses that for a period of time after the injury the respondent Yanus refused to accept medical attention which was tendered to him by petitioner, but finally did so, and in consequence of the treatment received he was making all reasonable progress toward a permanent and satisfactory cure and recovery under the care of an experienced and competent physician furnished by petitioner, when without notice or a request for a change of doctors he discontinued taking treatment and employed a physician of his own, who removed certain supporting bandages, with the result that the injured foot was subjected to severe and unwarranted strains, causing a pulling apart of the bones of the foot and resulting in an aggravation of the injury. Under these facts it is urged that Yanus was at no time justified in deserting the physician furnished by petitioner without first advising him of any dissatisfaction he may have had to such physician, and requesting a change in doctors.

Conceding that an employer has the right in the first instance to designate the surgeon or physician who shall attend an injured employee, the controversy is not affected by this question, but rather is entirely controlled by the facts of the case, upon which there is a decided conflict.

There is evidence to show that when Yanus was injured petitioner was acquainted with the fact and told him to go home and write to him concerning his progress. The injury occurred on April 7, 1924. On the following day Yanus advised his employer in writing that he was unable to walk. No attention was paid by Godeau to this communication. On April 16, 1924, Yanus again wrote informing his employer of this fact, whereupon Godeau directed a physician to call upon him. The visit was made on April 19th, a period of some twelve days following the accident. The injured foot was bandaged, but no fractures were discovered by this physician until May 5, 1924, when an X-ray picture disclosed the same. During the period from April 19 to May 5, 1924, Yanus was not directed to

refrain from using the foot nor furnished appliances to keep the foot at rest. There is also testimony to show that the physician furnished by Godeau directed Yanus to return to work on May 14th, a period when his injured foot should have been at rest as the fractures had not united. That he did so return and worked three days, when he was compelled to quit, and in consequence of this wrong advice the disability was prolonged. On May 19th or 20th Yanus called upon Godeau to receive compensation payments and wages for the period of disability and the three days' work. On this occasion, according to the testimony of Yanus, Godeau called him a faker and told him to get out and not call again. Godeau denied that any such incident had happened, but the statement of Yanus finds some support in the testimony of the physician furnished by Godeau, for he testified that he had discovered that there was some trouble between Godeau and Yanus. There is also testimony to show that Yanus was induced to again call upon this physician by an officer of the Commission. He did so and was informed that he was to be sent to a hospital, but later the physician told him that Godeau had concluded to fight the case. There is, therefore, evidence to show that the employee received no treatment from the date of his injury to April 19, 1924. After that time and until May 20th, following, when the trouble occurred, he did receive but partial treatment from his employer. There is also evidence to show that subsequent to May 20th he was under the care of a physician of his own selection until June 20th, when he again visited his employer's physician and was informed that nothing further would be done for him.

There is, therefore, ample evidence in the record to show that petitioner refused to furnish treatment reasonably adequate to relieve and cure the employee.

Having refused to do so, the employee was justified in seeking relief elsewhere and his employer is liable for the reasonable expense incurred in securing the same. The evidence as a whole is not without conflict, but this is a matter with which we are not here concerned.

The award is affirmed.

Knight, J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on February 26, 1926, and an application by petitioner to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 29, 1926.